U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR -2 AM 7:29

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESTER JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0876** |
| **N. BURL CAIN, WARDEN** | **SECTION "K"(6)** |

### TRANSFER ORDER

Petitioner, LESTER JONES, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1994 state court first degree murder conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) His conviction was obtained by an unconstitutionally empaneled grand jury and;

2) The indictment was silent as to any or all of the required aggravating factors.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Lester Jones v. Burl Cain, Warden</u>, Civil Action 98-1585 "L"(6). In that petition, petitioner raised the following grounds for relief:

___ Fee_____
___ Process_____
___ /ktd_____
___ CtRmDep____
___ Doc. No ____

Dockets.Justia.com

1)  The trial court erred in denying a mistrial after the prosecutor improperly solicited testimony from a police officer related to another crime committed by petitioner;

2)  The state failed to prove that petitioner was the perpetrator of the crime beyond a reasonable doubt; and

3)  The trial court erred in denying a mistrial after the prosecutor, during voir dire and opening statements, mentioned a witness statement that was later ruled inadmissible.

That petition was dismissed with prejudice on the merits by Judgment entered December 29, 2000. Petitioner appealed that judgment. His request for a certificate of appealability was denied by the Fifth Circuit Court of Appeals on June 1, 2001. (See Rec. Doc. 19).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)  the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate

court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that LESTER JONES's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ____24th____ day of ____February____, 2006.

_____
UNITED STATES DISTRICT JUDGE